**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br>PUBLIC PARTNERSHIPS, LLC, *et. al*.<br>*Defendants*. | Case No. 1:cv-26-3601-OEM-JRC<br><br>**DECLARATION OF PHILIP J. O'BEIRNE IN SUPPORT OF DEFENDANT PUBLIC PARTNERSHIPS, LLC'S MOTION TO DISMISS** |

I, PHILIP J. O'BEIRNE, declare under penalty of perjury as follows:

1. I am a partner in the law firm of Stein Mitchell Beato & Missner, LLP ("Stein Mitchell") and lead counsel of record for Defendant Public Partnerships, LLC ("PPL") in the above-captioned matter.

2. I have personal knowledge of the matters set forth in this declaration and I make this declaration in support of PPL's Motion to Dismiss Counts I and II of the Complaint filed by Plaintiff United States of America ("Plaintiff" or the "Government") on June 16, 2026 (the "Motion"). The facts stated herein are true and correct to the best of my knowledge and belief.

3. On February 20, 2025, PPL received a Subpoena Duces Tecum (the "Subpoena") from the Consumer Protection Branch within the United States Department of Justice ("DOJ"). The Subpoena sought documents related to PPL's handling of New York's Consumer Directed Personal Assistance Program ("CDPAP"). New York awarded the CDPAP contract to PPL on September 30, 2024, following a competitive procurement process.

4. Between February 2025 and March 2026, PPL produced more than 19,000 documents in response to the Subpoena.

5. On March 25, 2026, counsel for the Government, Patrick Runkle and Francisco Unger, hosted members of my firm at DOJ's offices located at 450 Fifth Street NW in Washington, D.C. During a three-hour meeting, Mr. Runkle and Mr. Unger explained that their office had sought authorization to file civil litigation against PPL.

6. On April 30, 2026, Mr. Runkle emailed me requesting that PPL produce additional written evidence and make available for witness interviews four PPL executives. Specifically, DOJ requested to interview PPL's former Chief Executive Officer, Vince Coppola, President, Maria Perrin, and Chief Financial Officer, Sherwin Krug, and one of PPL's Vice Presidents for Business Development, Mark Altieri.

7. PPL agreed to made the witnesses available for DOJ interviews based on Mr. Runkle's prior representations that this was a civil matter. On Friday, May 8, 2026, I proposed interview dates for the PPL witnesses DOJ requested. I also offered for DOJ to interview a fifth witness, PPL's Chief Growth Officer, Ms. Bonnie Vaughn.

8. Ultimately, PPL and DOJ agreed that the interviews of Mr. Coppola and Ms. Perrin would occur on May 20, 2026, and DOJ's interviews of Mr. Krug and Ms. Vaughn were scheduled to occur the following week, on May 28, 2026.

9. On May 12, 2026, I emailed Mr. Runkle seeking written confirmation that this was not a criminal case. Mr. Runkle had repeatedly assured us that the lawsuit was not criminal, and I sought written assurances that DOJ continued to view the case as a civil matter given the impending voluntary witness interviews.

10. On May 13, 2026, Mr. Runkle responded: "Probably best to discuss the civil/criminal question on the phone, but bottom line is that the proposed action is a civil injunction action."

11. I spoke with Mr. Runkle the following day, on May 14, 2026, in a zoom meeting attended by four other members of my firm – *i.e.*, Jonathan Missner, Samantha Christensen and Nicholas Cannon.

12. During that call, Mr. Runkle immediately assured us that "this is not a criminal case." Mr. Runkle further confirmed that "[n]o grand jury subpoenas were issued in this investigation," "there's no intent to proceed criminally," and "it's not a criminal action."

13. Mr. Runkle explained why he was reluctant to acknowledge the civil nature of the lawsuit in writing. He stated (in exactly these words or close to them): "The civil action that we've talked about imports criminal law into it. That just adds a level of complexity to me saying that it's not a criminal investigation because, well, it's not, but it's a civil action that's based on criminal statutes."

14. Attached to the Motion as **Exhibit A** is a true and correct copy of Request for Proposals #20524 issued by the New York State Department of Health ("DOH") on June 17, 2024, to select a single statewide fiscal intermediary to administer CDPAP.

15. Attached to the Motion as **Exhibit B** is a true and correct copy of Questions and Answers issued by DOH on August 7, 2024.

16. Attached to the Motion as **Exhibit C** is a true and correct copy of Amendment #3 to Request for Proposals #20524 issued by DOH on August 7, 2024, which, among other things, modified the payment terms under Request for Proposals #20524.

17. Attached to the Motion as **Exhibit D** is a true and correct copy of PPL's Response to Request for Proposals #20524 submitted on August 21, 2024.

18. Attached to the Motion as **Exhibit E** is an excerpt of PPL's October 2024 Board Presentation.

I declare under penalty of perjury that the foregoing is true and correct.

This _10th___ day of August 2026.

Philip J. O'Beirne